23633.   WINN v. WINN.

Submitted September 14, 1966—Decided November 3, 1966.

*Harrison, Martin & Childs, Mobley F. Childs,* for appellant.
*Roy H. Freeman, Burdine & Freeman,* for appellee.

PER CURIAM. William C. Winn brought his petition against his former wife, Ginnie Marie Winn, for a modification of the alimony award for her support and the support of the minor children under the provisions of the final divorce decree. The general demurrer of the former wife was sustained. The appeal is from this order.

The petition alleges that the court approved an agreement between the parties as to payment of alimony for the support of the wife and minor children which was entered as a part of the final decree. Under this decree, the petitioner was required to pay to his wife and three minor children the sum of $125 per week commencing August 13, 1965. The petition alleged "that plaintiff was, at the time of the decree, unemployed and receiving no salary; but prior to his unemployment he had earned approximately one thousand dollars ($1,000) per month as a salesman. And when signing said agreement between the defendant and himself, he anticipated securing a job earning approximately the same amount. That since the time plaintiff entered into the agreement attached as Exhibit "A" to this petition, he has gained employment and is now employed by Boss Manufacturing Company at a gross salary of six hundred and fifty dollars ($650) per month or a net amount of five hundred and seventy-one dollars ($571) per month. The plaintiff shows that the difference in what he had been making— hence, what he anticipated making—and what he now makes is approximately four hundred dollars ($400). That since procuring the new job, plaintiff has been unable to support himself and finds that it is not possible to live on twenty-nine and 33/100 dollars ($29.33) per month which is the amount left to the plaintiff after payment of the aforesaid alimony and support money."

The petition further alleged that "plaintiff shows that there has been a substantial change in his income inasmuch as he is not earning the amount that he anticipated and had been earning prior to the divorce—that is, the amount upon which he relied as the basis of his agreement. That by the facts herein-

above set forth plaintiff shows that he has sustained such a change in his income and financial status that he is unable to meet the provisions for child support and alimony as hereinbefore set forth. That the aforesaid change in your plaintiff's income and financial status is such as is contemplated by law under *Code* § 30-220 of the Georgia Code Annotated, said being an Act of the General Assembly, 1955, pages 630 and 631."

Under the legislative Act of 1955 (Ga. L. 1955, p. 630), the court that renders a judgment for permanent alimony for the support of the wife and minor children is authorized to revise and modify it subsequently, either upward or downward, where there has been a substantial change in the income and financial status of the husband and father.

As against the general demurrer, the allegations of the petition were sufficient, if proven in a hearing, to authorize a modification of the alimony award, and the court erred in dismissing the petition.

*Judgment reversed. All the Justices concur, except Almand and Quillian, JJ., who dissent.*